# In the United States Court of Federal Claims

No. 21-1343
(Filed:  21 October 2021)
NOT FOR PUBLICATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RYAN S. AND KALI VAN KUSH, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

On 3 May 2021, plaintiffs, proceeding *pro se*, filed a complaint with this Court.  *See* Compl., ECF No. 1.  Plaintiffs also separately filed motions for leave to proceed *in forma pauperis*.  *See* Appl. to Proceed *In Forma Pauperis* ("R. S. Van Kush IFP"), ECF No. 2; Appl. to Proceed *In Forma Pauperis* ("K. Van Kush IFP"), ECF No. 3.  On 2 July 2021, the government filed a motion to dismiss plaintiffs' complaint.  *See* Def.'s Mot. to Dismiss the Compl., ECF No. 8.  On 15 July 2021, the Court issued an order to strike the government's motion to dismiss for insufficient service.  *See* Order, ECF No. 9.  On 19 July 2021, the government filed a corrected motion to dismiss plaintiffs' complaint.  *See* Def.'s Mot. to Dismiss the Compl., ECF No. 10. On 9 August 2021, the Court's 15 July 2021 Order was returned because plaintiffs were no longer at the address of record.  *See* Mail Returned to Sender, ECF No. 11.  Plaintiffs' response to the government's motion to dismiss was due on 16 August 2021.  On 13 September 2021, this Court directed plaintiffs to respond to the government's motion to dismiss on or before 11 October 2021.  *See* Order ("Show Cause Order"), ECF No. 12.  Plaintiffs have not responded to the government's motion to dismiss or the Court's Order.

## I.  Plaintiffs' *In Forma Pauperis* Applications

Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor."  A plaintiff need not "be absolutely destitute to enjoy the benefit of the statute."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  An affidavit demonstrating plaintiff is unable to pay the fee or provide security and "still be able to provide himself and dependents 'with the necessities of life'" is sufficient.  *Id.*; *see also Waltner v. United States*, 93 Fed. Cl. 139, 143 (2010) (quoting *Fiebelkron v. United States*, 77 Fed. Cl. 59, 62 (2007)) (stating the proper inquiry when considering an application to proceed

*in forma pauperis* is whether "'paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute.'").

Plaintiff Ryan S. Van Kush states in his application to proceed *in forma pauperis* he:  is currently self-employed; has not received wages since September 2020; receives unemployment; and has some assets which "won't last long.  *See* R. S. Van Kush IFP at 1–2.  Plaintiff Kali Van Kush states in her application to proceed *in forma pauperis* she is currently self-employed but has "no income yet," and has no assets.  *See* K. Van Kush IFP at 1–2.  Under these circumstances, plaintiffs have sufficiently demonstrated they are unable to pay the Court's filing fee.  Plaintiffs' applications to proceed *in forma pauperis* are therefore granted.

## II.  Plaintiffs' Failure to Comply with the Court's 13 September 2021 Order

When a party fails to respond to any motion, or to subsequent court orders, dismissal is not only appropriate but required to properly administer justice.  "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules . . . ."  *Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed. Cir. 1986)).  Furthermore, Rule 41(b) of the Rules of the Court of Federal Claims ("RCFC") provides "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it."  As *pro se* plaintiffs are, by their nature, unassisted, this Court may sometimes grant *pro se* plaintiffs greater lenience throughout the filing process.  In keeping with this permissive leniency, the Court allowed plaintiff an additional 28 days to either file his response to the government's motion to dismiss or show cause why his complaint should not be dismissed for failure to prosecute.  *See* Show Cause Order.  The Clerk's Office mailed the 13 September 2021 Order "along with copies of the Court's 15 July 2021 Order, ECF No. 9, and the government's 19 July 2021 motion to dismiss, ECF No. 10, to every address on file for plaintiffs."  *Id.* at 2.  In the 13 September 2021 Order, the Court stated, "[i]f plaintiffs fail to respond by [11 October 2021], the Court will have no choice but to dismiss plaintiffs' complaint for failure to prosecute pursuant to RCFC 41(b)."  *Id.*  Plaintiffs, however, have not responded to the government's motion to dismiss or the Court's Show Cause Order; therefore, the Court must dismiss the case pursuant to RCFC 41(b) for failure to prosecute and failure to comply with a Court order.

## III.  Conclusion

For the foregoing reasons, the Court **GRANTS** plaintiff Ryan S. Van Kush's motion for leave to proceed *in forma pauperis*, ECF No. 2, and **GRANTS** plaintiff Kali Van Kush's motion for leave to proceed *in forma pauperis*, ECF No. 3.  Due to plaintiffs' non-responsiveness, specifically plaintiffs' failure to submit or file any documents with this Court since filing their motions to proceed *in forma pauperis* on 3 May 2021, despite the government filing a motion to dismiss and the Court ordering them to respond, the Court **DENIES as MOOT** the government's motion to dismiss, ECF No. 10, and directs the Clerk to **DISMISS** the case without prejudice pursuant to RCFC 41(b).

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge